FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN 2 0 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JULIUS VICTOR SMITH,

                Petitioner,

    -against-

WILLIAM D. BROWN, Superintendent of
Eastern Correctional Facility,

                Respondent.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-1552 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Julius Victor Smith ("Smith") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 23, 1998 conviction in New York Supreme Court, Queens County, for robbery in the first degree. (Pet. (Docket Entry # 1).) For the reasons set forth below, this court lacks jurisdiction to consider Smith's Petition on the merits without certification from the Court of Appeals. Therefore, the court transfers the Petition to the United States Court of Appeals for the Second Circuit.

The instant Petition is Smith's second application for federal habeas relief. Smith previously challenged his February 23, 1998 robbery conviction in the United States District Court for the Eastern District of New York, asserting, inter alia, claims of actual innocence and ineffective assistance of counsel. See Amended Petition, Smith v. Goord, No. 01-CV-8582 (JBW) (E.D.N.Y. Dec. 9, 2004) (Docket Entry # 25). By Memorandum and Order dated December 9, 2004, Judge Jack B. Weinstein denied Smith's first petition on the merits. Order, Smith v. Goord, No. 01-CV-8582 (Docket Entry # 38). The Second Circuit Court of Appeals denied Smith's motion for a certificate of appealability and dismissed his appeal. Smith v. Goord, No. 05-331-pr (2d Cir. June 22, 2006).

1

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003). AEDPA requires that before a petitioner may file "a second or successive [§ 2254] application . . . the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a petitioner fails to make such an application and instead files a second petition in the district court, this court must transfer the second petition to the Court of Appeals. Torres, 316 F.3d at 151-52 ("[A] district court must transfer uncertified successive motions to [the Court of Appeals] pursuant to 28 U.S.C. § 1631, the provision authorizing transfer to cure want of jurisdiction."). Because Smith has previously filed a § 2254 petition challenging his conviction, this court lacks jurisdiction to consider his second petition without certification from the Court of Appeals.

The Clerk of Court shall transfer Smith's Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. This court's June 14, 2011 Order to Show Cause (Docket Entry # 2) is withdrawn, and the Government need not respond to Smith's Petition. The Clerk of Court is directed to close this case. If the Court of Appeals authorizes Smith to proceed, Smith shall move to reopen the case under this docket number.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
June __, 2011

NICHOLAS G. GARAUFIS
United States District Judge

2